141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Melvin Jerome SCOTT, Defendant-Appellant.
 No. 97-50305.
D.C. No. CR-97-00171-WBE.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998[2].
Decided Mar. 19, 1998.
 
 Appeal from the United States District Court for the Southern District of California William B. Enright, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Melvin Jerome Scott appeals from his guilty plea conviction and 21-month sentence for importation of 12.82 kilograms of marijuana, in violation of 21 U.S.C. § 952 and 960, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).
 
 
 2
 The government argues that this appeal should be dismissed because Scott waived his right to appeal in his plea agreement. We agree. In the plea agreement, Scott expressly waived his right to appeal "unless the court imposes a custodial sentence greater than the high end of the offense level recommended by the government pursuant to this agreement." In the plea agreement, the parties agreed to an adjusted offense level of 10. The parties also explicitly agreed that there would be "no agreement as to defendant's Criminal History Category" (emphasis in original). Pursuant to the plea agreement, the government recommended that Scott be sentenced to 15 months, the low end of the range for a level 10 offense level and a criminal history category of IV. The court sentenced Scott to the high end of the range for a level 10 offense in light of Scott's "amazing criminal history record." Because the district court did not depart upward, the waiver remained fully operative.
 
 
 3
 We reject Scott's contention that he did not waive his right to appeal the district court's determination of his criminal history category. Scott expressly agreed that there would be no agreement as to Scott's criminal history category. He preserved his right to appeal only if his sentence was greater than the high end of the offense level recommend by the government. Because Scott's sentence was within the offense range recommended by the government, we lack jurisdiction to review the sentence. See United States v. Bolinger, 940 F.2d 478, 479-80 (9th Cir.1991).
 
 
 4
 DISMISSED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3